IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ADAM HEASTER, *Individually and For Others Similiarly Situated*,  )
)
)
Plaintiff,  )
)
v.  )
)
EQT CORPORATION,  )
)
Defendant.  )

Civil Action No. 19-1463
Magistrate Judge Maureen P. Kelly

Re: ECF No. 36

## **MEMORANDUM ORDER**

Pending before the Court is a Motion to Compel Compliance with Third-Party Subpoena – DPS Land Services, LLC ("DPS") filed by Plaintiff Adam Heaster ("Heaster"). ECF No. 36. The motion to compel is filed on behalf of Heaster and on behalf of putative class members in this Fair Labor Standards Act ("FLSA") collective action seeking overtime pay alleged to be due and owing by EQT Corporation or its vendors. ECF No. 36.

Through the Motion to Compel, Heaster contends that DPS is an EQT Corporation ("EQT") third party contractor and is in sole position of payroll data and timesheets necessary for the parties to meaningfully participate in scheduled mediation proceedings. In this regard, Plaintiff points to this Court's Case Management Order, ECF No. 24, directing Defendants to provide Plaintiff with a list of vendors who contracted with EQT for landmen services during the period November 8, 2016 through January 28, 2020, and seeks to compel information from DPS as one of EQT's vendors.

Federal Rule of Civil Procedure 26(b)(1) provides the general scope of discovery in civil matters. Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter

that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Evidence is relevant if it has any tendency to make a consequential fact in an action more or less probable. Fed. R. Evid. 401. The general scope of discovery therefore is quite broad. Information need not be admissible in evidence to be discoverable, but courts are to consider "whether the burden or expense of the proposed discovery outweighs its likely benefit." Ceuric v. Tier One, LLC, 325 F.R.D. 558, 560 (W.D. Pa. 2018) (quoting Fed. R. Civ. P. 26(b)(1)).

Pursuant to Federal Rule of Civil Procedure 45, nonparties to a civil action may be subpoenaed to produce designated documents or electronically stored information believed to be relevant to a dispute. "The scope of discovery available from a subpoenaed nonparty is the same as the general scope of civil discovery under Rule 26." See In re Schaefer, 331 F.R.D. 603, 607 (W.D. Pa. 2019) (citing In re Rainwater, No. 18-10051, 2018 WL 2088736, at *2 (D. Idaho May 4, 2018)). "'After being served with a subpoena duces tecum, a nonparty may object to producing any or all of the requested information by serving a written objection on the party or person designated in the subpoena ... within fourteen days after the subpoena is served....'" Ceuric v. Tier One, LLC, 325 F.R.D. 558, 560 (W.D. Pa. 2018) (quoting In re Domestic Drywall Antitrust Litig., 300 F.R.D. 234, 238 (E.D. Pa. 2014)).

In this case, DPS objected to the discovery requests for two primary reasons. First, as disclosed in EQT's Answer to Original Class Action Complaint and Affirmative Defenses, DPS never employed Heaster. ECF No. 11 ¶ 5; see also Answer to First Amended Class Action Complaint and Affirmative Defenses. ECF No. 27 ¶ 5. Further, to the extent Plaintiff's counsel seeks information from DPS to obtain "class data," Heaster is the selected and identified class representative, and has never been a DPS employee. As such, DPS is not in possession of information relevant to Heaster's alleged entitlement to overtime pay. Second, DPS points to

Heaster's agreement to arbitrate all claims against EQT "in [his] individual capacity and not as a class, collective, or representative action." ECF No. 39 at 3. Thus, DPS contends that Heaster is precluded from using the requested information as to any other putative class member and therefore has no need for it. Id.

The Court agrees that Heaster cannot establish the relevance of pay information from a vendor that never contracted with or employed him. In the absence of an identified and named putative class member who has opted into this litigation, Heaster is not entitled to broad discovery of pay records solely based upon DPS's status as an EQT vendor. See Ceuric, 325 F.R.D. at 562-63 ("it would appear to be implicit in the subpoena that requests are limited to individuals who are part of this lawsuit, to the extent it is not, [the nonparty's] objection is sustained to limit its responsibility to respond to class members who have opted into this lawsuit.").

Accordingly, this 9th day of March, 2020, IT IS HEREBY ORDERED that Plaintiff Heaster's Motion to Compel Compliance with Third Party Subpoena – DPS Land Services, LLC, ECF No. 36, is denied.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF