IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM HEASTER, Individually and For Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>EQT CORPORATION,<br><br>　　　　　　　Defendant. | )<br>)<br>) Case No. 2:19-CV-01463-MPK<br>)<br>)<br>)<br>) *Electronically Filed*<br>)<br>)<br>)<br>) |

**DEFENDANT'S OPPOSITION TO HEASTER'S MOTION FOR
CLARIFICATION AND REQUEST FOR TELEPHONIC HEARING**

EQT Production Company, incorrectly captioned as EQT Corporation ("Defendant" or "EQT"), by and through its undersigned counsel, submits this brief in opposition to the Motion for Clarification and Request for Telephonic Hearing filed by Plaintiff Adam Heaster ("Plaintiff").

**I.     INTRODUCTION**

Plaintiff's Motion for Clarification is a misguided attempt to relitigate issues that this Court properly resolved when it denied Plaintiff's Motion to Compel subpoena responses from non-party DPS Land Services, LLC ("DPS").

In his Motion for Clarification, Plaintiff restates the same arguments presented in his Motion to Compel, arguing that he is entitled to broad ranging discovery from non-parties like DPS in advance of this Court deciding whether to grant conditional certification pursuant to Plaintiff's underlying FLSA class action claims.  In challenging this Court's Memorandum Order, Plaintiff fails to identify any compelling reasons for this Court to reconsider or revisit its Memorandum Order denying his Motion to Compel.

Also, in seeking reversal of this Court's Memorandum Order, Plaintiff misstates EQT's position on a number of fronts. Contrary to Plaintiff's intimations, EQT never stipulated or conceded that the discovery sought from DPS was relevant or needed at this juncture in the litigation. Additionally, EQT believes that discovery from non-party landmen vendors like DPS is particularly inapposite given EQT's pending Motion to Compel Arbitration, which, if granted, would obviate the need for or propriety of any pre-certification discovery regarding alleged putative class members.

Accordingly, Plaintiff's request for a telephonic hearing to address this Court's Memorandum Order should be denied. The Court correctly denied Plaintiff's Motion to Compel, and the parties are not in need of additional explanation or clarification from the Court regarding the reasons or grounds for its Order.

## II.   FACTUAL BACKGROUND

In this lawsuit, Adam Heaster ("Plaintiff" or "Heaster") seeks to recover overtime wages on behalf of himself, and as a representative of other similarly situated individuals under the Fair Labor Standards Act (the "FLSA") and the Pennsylvania Minimum Wage Act (the "PMWA"). [ECF No. 22, at ¶¶ 1, 16].[1] Specifically, Plaintiff contends that he and other landmen were misclassified as independent contractors and were improperly paid a day rate without overtime compensation. [*Id.* at ¶ 5]. Though Plaintiff was an employee of a third party entity known as Percheron Professional Services, LLC ("Percheron"), he claims that EQT is nevertheless responsible for the purported overtime violations as a joint employer.

EQT filed an Answer [ECF No. 27] to the First Amended Class and Collective Action Complaint [ECF No. 22] (the "Complaint") on February 5, 2020, and this Court issued a Case

---

[1] All pleadings are referred to herein by their electronic case file ("ECF") number.

2

Management Order, directing the parties to engage in limited discovery for purposes of facilitating mediation [ECF No. 24].  Plaintiff thereafter served third-party subpoenas on various non-party vendors that provided landmen services to EQT within the last three years, including DPS.  Plaintiff's third-party subpoenas sought identification information, payroll data and time records.

After the Court issued its Case Management Order, EQT discovered that Plaintiff had entered an arbitration agreement with his employer, Percheron, wherein Plaintiff waived his right to file a lawsuit as a collective action representative and agreed to individually arbitrate any claims he may have that are related to EQT, including any disputes concerning hours worked and the payment of wages.  Based on this discovery, EQT filed a Motion to Compel Arbitration, which is presently pending before the Court.  [ECF No. 33].

Meanwhile, DPS objected to the third-party subpoena on the grounds that DPS never contracted with or employed Plaintiff Adam Heaster, rendering any information in the possession of DPS irrelevant to Plaintiff's claims.

Plaintiff filed a motion to compel subpoena responses from DPS; and in a Memorandum Order dated March 9, this Court denied Plaintiff's Motion to Compel, holding that Plaintiff "cannot establish the relevance of pay information from a [third party] vendor that never contracted with or employed him."  [ECF No. 40, at p.3].  This Court further held that "[i]n the absence of an identified and named putative class member who has opted into this litigation, Heaster is not entitled to broad discovery of pay records solely based upon DPS's status as an EQT vendor."  *Id*.

Plaintiff now seeks a telephonic hearing so that it can challenge the propriety of this Court's Memorandum Order.

### III.     ARGUMENT

**A.     Plaintiff Misstates EQT's Position Regarding the Alleged Relevance of Landmen Data in the Possession of Third Party Vendors.**

In his Motion for Clarification, Plaintiff clams that "Heaster and EQT agreed [that the] discovery [sought from DPS] was relevant" to the underlying litigation, notwithstanding the existence of an arbitration agreement signed by Plaintiff. [*See* ECF 44, at p.2]. This assertion misrepresents EQT's position on multiple levels.

First, EQT never stipulated or conceded that the discovery sought from DPS was relevant or needed at this juncture in the litigation. Rather, as evidenced by the Joint Rule 26 Repot filed in this matter, EQT took the position that "initial disclosures should be limited to the information in Defendant's possession, custody, and control **as it pertains to Plaintiff and those other potential class members who performed services on Defendant projects through Percheron [who contracted with Heaster] only.**" [ECF No. 16].

Second, EQT never stipulated or conceded that the discovery sought from DPS (or any other non-party vendor) was relevant notwithstanding the arbitration agreement signed by Plaintiff. Rather, when EQT learned of the arbitration agreement that Plaintiff entered into with Percheron, EQT promptly filed a Motion to Compel Arbitration. [ECF No. 33]. In its Motion to Compel Arbitration, EQT argues that pursuant to the aforesaid arbitration agreement, Plaintiff waived his right to file a lawsuit as a collective action representative when he agreed to arbitrate all claims against EQT "in [his] individual capacity and not as a class, collective or representative action." [ECF No. 34, at p.4]. By moving for an order dismissing Plaintiff's class action lawsuit and compelling arbitration, EQT implicitly disavowed the relevance of discovery sought from DPS or any other non-party that may possesses information regarding the alleged putative class members.

4

To be clear, EQT maintains that Plaintiff is not an appropriate collective action representative and that Plaintiff's attempts to obtain information regarding putative class members are unwarranted.

### B. Plaintiff's Motion Should Be Denied As Plaintiff Has Failed to Identify Either Intervening Changes in the Law, the Emergence of New Evidence, or a Clear Error of Law.

Plaintiff's Motion for Clarification is an attempt to relitigate the issues that this Court decided when it issued its March 9 Memorandum Order. Aside from misrepresenting EQT's position regarding the alleged relevance of non-party discovery, Plaintiff recycles the same arguments in his Motion for Clarification that Plaintiff presented in his Motion to Compel.

In this sense, Plaintiff's Motion for Clarification should have been presented as a Motion for Reconsideration. Plaintiff, however, cannot establish grounds for reconsideration of this Court's March 9 Memorandum Order. A party is not entitled to reconsideration unless the party can establish either (1) the development of an intervening change in the law, (2) the emergence of new evidence not previously available, or (3) the need to correct a clear error of law or prevent a manifest injustice. *See Williams v. City of Pittsburgh*, 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998). Here, Plaintiff has not identified any intervening changes in the law, or the emergence of new evidence, and Plaintiff has failed to identify a clear error of law. Accordingly, Plaintiff's motion should be denied.

### C. A Telephonic Hearing is Not Needed to Resolve Plaintiff's Motion.

As previously noted, Plaintiff's Motion for Clarification restates the same arguments presented in his Motion to Compel, which this Court denied. There is no need to afford Plaintiff an opportunity to rehash these same arguments for a third time during a telephonic hearing, presumably in the absence of non-party DPS, after both parties were afforded an opportunity to

5

brief their positions and this Court denied Plaintiff's Motion to Compel <u>with explanation</u> in its Memorandum Order.

Also, contrary to Plaintiff's intimation, there is no incongruence between this Court's Case Management Order [ECF No. 24] granting Plaintiff leave to subpoena non-party landmen vendors and the Court's Memorandum Order [ECF No. 40] denying Plaintiff's Motion to Compel compliance with the third-party subpoena directed to DPS. First, granting Plaintiff leave to subpoena non-parties does not constitute a ruling by this Court that such non-party subpoena is otherwise enforceable against the non-party. Second, between the time that this Court issued its Case Management Order and Plaintiff filed his Motion to Compel, the existence of the aforementioned arbitration agreement came to light and EQT filed its Motion to Compel Arbitration [ECF No. 33]. As such, the parties are not in need of explanation or clarification from this Court as to the reasons or grounds for its Order denying Plaintiff's Motion to Compel.

      **D.**    **Plaintiff Overstates a Party Litigant's Right to Discovery in a Putative Class Action Lawsuit Before Conditional Certification is Granted.**

In his Motion for Clarification, Plaintiff contends (as he previously argued in his Motion to Compel) that he is entitled to pursue pre-certification discovery from non-party DPS. Plaintiff argues that courts "routinely allow class discovery as to potential opt-in plaintiffs, even prior to granting conditional certification or in anticipation of mediation." [ECF No. 44, at p.2].

Plaintiff, however, glosses over the distinction between a court authorizing discovery from a named party defendant before the court grants conditional certification in a putative FLSA class action lawsuit and the propriety of seeking pre-conditional certification discovery from a non-party. Notably, none of the cases cited by Plaintiff stands for the proposition that a plaintiff in a putative FLSA class action lawsuit is entitled to broad ranging pre-conditional certification discovery from a non-party. In all but one of the cases that Plaintiff cites, the court

6

ordered limited discovery from the named party defendant prior to granting conditional certification.  This is significant as courts are usually reticent to compel broad-ranging discovery from non-parties.  *See In re Domestic Drywall Antitrust Litigation*, 300 F.R.D. 234, 238 (E.D. Pa. 2014) ("[A] court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on a non-party").

The one case cited by Plaintiff where the court allowed pre-conditional certification discovery from a non-party is inapposite.  In *Kolasa v. Boes Solutions, Inc.*, No. 2:17-cv-01087 (W.D. Pa.), the named party defendant served a subpoena on a non-party.  The non-party initially objected to providing documents, but eventually opted to comply with the subpoena after the court noted during a telephonic conference (which the non-party did not attend) that it believed the non-party's objections lacked merit.  Unlike this case, neither party filed a motion to compel subpoena responses, nor were the issues fully briefed for the court's consideration and disposition.  A cryptic Hearing Memo issued in a case where the subpoenaed non-party was never afforded an opportunity to present arguments to the court, and where the non-party later voluntarily opted to comply with the subpoena at issue, does not establish Plaintiff's entitlement to broad-ranging pre-hearing discovery from DPS in this matter.

Moreover, Plaintiff overstates a party litigant's right to discovery in a putative class action lawsuit before conditional certification is granted, even from the named defendant.  Courts frequently deny discovery requests directed to named defendants, much less non-parties, seeking information regarding putative class members absent a conditionally certified class action.  *See Mitchell v. Acosta Sales, LLC*, 2011 U.S. Dist. LEXIS 165693, at *14-16 (C.D. Cal. Aug. 29, 2011) ("[W]hile there is no blanket prohibition against permitting disclosure of contact information prior to certification in an opt-in collective action, the weight of authority in this

Circuit and others, finds such discovery premature unless conditional certification has been granted"). *See also Stephens v. Erosion Containment Mgmt., Inc.*, 2008 U.S. Dist. LEXIS 40986, (M.D. Fla. May 21, 2008) (discovery of contact information prior to conditional certification is premature); *Crawford v. Dothan City Bd. of Educ.*, 214 F.R.D. 694, 695 (M.D. Ala. 2003) (discovery directed towards potentially similarly situated employees is premature when "no collective action has been conditionally certified"); *Burkhart-Deal v. CitiFinancial, Inc.*, 2009 U.S. Dist. LEXIS 85701, at *3 (W.D. Pa. Sep. 18, 2009) (noting that "pre-certification discovery is often quite limited" given the less stringent standard for conditional certification under 29 U.S.C. §216(b)).

Based on the foregoing, this Court appropriately denied Plaintiff's Motion to Compel subpoena responses from non-party DPS.

### E.      This Court Correctly Relied on *Ceuric v. Tier One, LLC* in Denying Plaintiff's Motion to Compel

Finally, Plaintiff's attempts to distinguish *Ceuric v. Tier One, LLC*, 325 F.R.D. 558 (W.D. Pa. 2018) are unavailing. In *Ceuric*, a plaintiff, much like this case, brought a class action suit for unpaid overtime under the FLSA and served a third-party subpoena seeking names, payroll information, and time records for the named plaintiff, for certain opt-in plaintiffs, and for individuals who had not opted into the FLSA collective action. The third-party in *Ceuric* objected to the subpoena as overbroad and not relevant to the claims of the parties to the extent the subpoena sought information related to individuals who were not parties to the case. *Id*. at 562. The Court in *Ceuric* sustained the third-party's objection and "limit[ed] its responsibility to respond to class members who have opted into this lawsuit." *Id*.

Plaintiff attempts to distinguish *Ceuric* on the basis that the plaintiff's counsel in that case did not contest the non-party's objection to providing class-related discovery regarding

8

individuals who had not opted into the lawsuit. This is a distinction without a difference. The court was clear that notwithstanding whether the plaintiff was seeking information regarding non-opt-ins, the plaintiff was only entitled to information regarding class members who had opted into the lawsuit. *See Ceuric*, 325 F.R.D. at 562-63 ("it would appear to be implicit in the subpoena that requests are limited to individuals who are part of this lawsuit, to the extent it is not, [the nonparty's] objection is sustained to limit its responsibility to respond to class members who have opted into this lawsuit").

Accordingly, this Court correctly relied on *Ceuric* when it held that Plaintiff "cannot establish the relevance of pay information from a [third party] vendor that never contracted with or employed him," and further held that "[i]n the absence of an identified and named putative class member who has opted into this litigation, Heaster is not entitled to broad discovery of pay records solely based upon DPS's status as an EQT vendor." [ECF No. 40, at p.3].

## V. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Clarification and Request for Telephonic Hearing should be denied.

Dated: April 3, 2020

Respectfully submitted,

*/s/ Christian Antkowiak*
Christian C. Antkowiak *(PA 209231)*
christian.antkowiak@bipc.com
Nicholas J. Bell *(PA 307782)*
nicholas.bell@bipc.com

BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
Phone: 412-562-8800
Fax:    412-562-1041

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3d day of April, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Michael A. Josephson, Esq.
Andrew W. Dunlap, Esq.
Taylor A. Jones, Esq.
Josephson Dunlap
11 Greenway Plaza, Suite3050
Houston, Texas 77046
mjosephson@mybackwages.com
adunlap@mybackwages.com
tjones@mybackwages.com
(Counsel for Plaintiff)

Richard J. (Rex) Burch, Esq.
Bruckner Burch, P.L.L.C.
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
rburch@brucknerburch.com
(Counsel for Plaintiff)

Joshua P. Geist, Esq.
Goodrich & Geist PC
3634 California Avenue
Pittsburgh, Pennsylvania 15212
josh@goodrichandgeist.com
(Counsel for Plaintiff)

*/s/ Christian Antkowiak*

4846-7182-6361, v. 1