IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADAM HEASTER, *Individually and For Others Similiarly Situated*, <br><br>   Plaintiff, <br><br>   v. <br><br> EQT CORPORATION, <br><br>   Defendant. | Civil Action No. 19-1463 <br> District Judge David S. Cercone <br> Magistrate Judge Maureen P. Kelly <br><br> Re: ECF No. 47 |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff Adam Heaster's "Motion to Strike Non-Party EQT Production Company's Improperly Filed Motion to Compel Arbitration and to Dismiss." ECF No. 51. For the following reasons, the Motion to Strike will be granted, and the Clerk of Court will be ordered to strike the Motion to Compel Arbitration and to Dismiss, filed at ECF No. 33. However, leave is granted to EQT Corporation to refile the Motion to Compel Arbitration and to Dismiss on its own behalf, or for EQT Production Company to file a motion to intervene pursuant to Federal Rule of Civil Procedure 24(b).

This class action lawsuit was filed by Adam Heaster for recovery of allegedly unpaid and owing overtime wages under the Fair Labor Standards Act ("FSLA") and the Pennsylvania Minimum Wage Act ("PMWA"). ECF Nos. 1, 22. Heaster contends that EQT Corporation ("EQT") is liable for overtime wages for the period October 2016 through April 2018 while he worked as a landman for EQT Corporation. ECF No. 22. EQT Production Company ("EQTPC") has filed a Motion to Compel Arbitration and Motion to Dismiss contending that EQT has been incorrectly identified as a defendant and that certain of Heaster's claims against Defendant EQT

are subject to a "Pre-Assignment Acknowledgement and Arbitration Agreement" entered into between Heaster and Percheron Professional Services, LLC on March 22, 2018.  ECF No. 33, ECF No. 38-1 at 2.   EQTPC states that Heaster was employed by Percheron pursuant to a master land services agreement entered into by and between Percheron and EQTPC, and not between Percheron and EQT Corporation.   Id.

Pending now before the Court is Plaintiff Adam Heaster's Motion to Strike.  ECF No. 47. Plaintiff seeks to strike the Motion to Compel Arbitration on the basis that EQTPC is not a party to this action.  EQT responds that the Motion to Compel Arbitration was filed by EQT Corporation. ECF No. 51 at 1.  The Motion to Compel Arbitration plainly states that it is submitted by "EQT Production Company, incorrectly captioned as EQT Corporation ("Defendant")."  At this stage of the litigation, that issue has not yet been resolved and EQT Production Company is not yet a party. Alternatively, EQT Corporation argues that it is entitled to enforce the arbitration agreement as a third-party beneficiary under applicable federal and Pennsylvania law. Accordingly, if the Motion to Strike is granted, EQT asks the Court to hold the Motion to Compel Arbitration in abeyance to permit EQTPC to intervene in this action pursuant to Rule 24(b) of the Federal Rules of Civil Procedure.  ECF No. 51 at 2-3.

It is apparent from Heaster's Amended Complaint, ECF No. 22, the Motion to Compel Arbitration, and the exhibits attached thereto, that at least a portion of Heaster's claims for unpaid overtime wages are subject to the arbitration agreement, and that certain defenses and rights to indemnification related to those claims cannot be adequately resolved in the absence of EQTPC. See, e.g., Berryman v. Newalta Envtl. Servs., Inc., No.18-793, 2018 WL 5631169, at *4 (W.D. Pa. Oct. 31, 2018) (denying plaintiff's motion to strike third-party complaint seeking indemnification and contribution for state law wage claims).  EQTPC has not filed a motion for permissive

intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure and is not yet a party. EQT does not direct the Court to any authority permitting a non-party to file a Motion to Compel Arbitration in the absence of an order granted a motion to intervene.   Accordingly,

IT IS HEREBY ORDERED, this 17th day of April, 2020, that the Motion to Strike Non-Party EQT Production Company's Improperly Filed Motion to Compel Arbitration and to Dismiss, ECF No. 47, is granted and the Clerk of Court shall strike the Motion at ECF No. 33.

IT IS FURTHER ORDERED that EQT is granted leave to refile its Motion to Compel Arbitration on its own behalf as a third-party beneficiary no later than April 30, 2020. Alternatively, in the interest of the efficient administration of justice and pursuant to Rule 24(b), the Court grants leave to permit EQTPC to file a motion to intervene as a defendant in this action. EQTPC shall file an appropriate motion by April 30, 2020.  Heaster shall file his response to motion no later than May 14, 2020.

BY THE COURT:

*/s/Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   All counsel of record via CM/ECF