IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ADAM HEASTER** Individually and for Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )    2:19cv1463 |
| | )    **Electronic Filing** |
| **EQT CORPORATION,** | ) ) |
| Defendant. | ) |

## M<small>EMORANDUM</small> O<small>RDER</small>

September 15, 2020

      Plaintiff, Adam Heaster ("Heaster" or "Plaintiff"), initiated this putative class action and collective action against Defendant, EQT Corporation ("EQT") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. C.S. § 33.104 *et seq.*, to recover overtime wages allegedly due from his work as a landman in Western Pennsylvania.  The case was referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Rules of Court 72.C and 72.D. EQT and Intervenor-Defendant, EQT Production Company ("EQT Production"), filed  Motions to Compel Arbitration (ECF Nos. 56 and 70) and EQT filed a Motion to Dismiss Heaster's individual claims (ECF No. 84).

      The Magistrate Judge's Report and Recommendation (ECF No. 107), filed on August 17, 2020, found that:

> Heaster consented to arbitrate any dispute arising out of his work on behalf of EQT Production. Heaster further agreed to delegate to an arbitrator questions related to the scope of the Arbitration Agreement and because EQT is a third-party beneficiary of the agreement, Heaster has delegated the issue of whether his claims against EQT are [also] subject to the [A]greement.

*See* R & R p. 1.  The Magistrate Judge then recommended that the Motions to Compel Arbitration filed EQT (ECF No. 56) and EQT Production (ECF No. 70) be granted, and that the Motion to Dismiss (ECF No. 84) filed by EQT be granted only to the extent that this matter is referred to arbitration and denied in all other respects. Magistrate Judge Kelly further recommended that Heaster's remaining individual claims, if any, as well as any claims of opt-in plaintiff, Clayton Kleevic, and any collective and class action claims be stayed pending completion of arbitration proceedings. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, that they had fourteen (14) days to file any objections. Objections were filed by Heaster on August 31, 2020.  EQT and EQT Production responded to the objections on September 14, 2020.

After the Court's review of the pleadings and documents in the case, together with the Report and Recommendation, and the objections thereto, the following Order is entered:

**AND NOW**, this 15th day of September, 2020,

**IT IS HEREBY ORDERED** that the Motions to Compel Arbitration filed by EQT (ECF No. 56) and EQT Production (ECF No. 70)  are **GRANTED**.  EQT's Motion to Dismiss (ECF No. 84) is granted in part and denied in part. The motion is **GRANTED** to the extent this matter is referred to arbitration and **DENIED** in all other respects[1].

**IT IS FURTHER ORDERED** that the Motion to Certify Class (ECF No. 31) filed on behalf of Adam Heaster is **DENIED** without prejudice to re-file at more appropriate time.

---

[1]  By separate Order, this Court will stay Heaster's remaining individual claims, if any, as well as any claims of opt-in plaintiff, Clayton Kleevic, and any collective and class action claims, pending completion of arbitration proceedings.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 107) dated August17, 2020 is adopted as the Opinion of the Court.

s/ DAVID STEWART CERCONE
David Stewart Cercone
Senior United States District Judge

cc: Andrew W. Dunlap, Esquire
Joshua P. Geist, Esquire
Michael A. Josephson, Esquire
Taylor A. Jones, Esquire
William F. Goodrich, Esquire
Christian Antkowiak, Esquire
Curtis M. Schaffner, Esquire
Nicholas J. Bell, Esquire

(*Via CM/ECF Electronic Mail*)